# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pharaoh El-Forever left-i Amen El, | Civ. No. 21-2464 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Guy F. Bosch; Michelle Smith; Paul Schnell; Transfer Officer; and Awa Wanchena, all sued in both capacities, | |
| Defendants. | |

**IT IS HEREBY ORDERED** that:

1. The application to proceed *in forma pauperis* of Plaintiff Pharaoh El-Forever left-i Amen El (Doc. No. 2) is **GRANTED**.

2. Amen El must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Amen El does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Amen El by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from defendants Guy F. Bosch, Michelle Smith, Commissioner Paul Schnell, and Awa Wanchena, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshals Service is directed to effect service of process on each of the defendants in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6. Amen El must pay the unpaid balance ($276.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Amen El is confined.

7. Amen El's motion to amend (Doc. No. 5) is **GRANTED IN PART** and **DENIED IN PART** as moot:

   a. The motion is **GRANTED** insofar as Amen El requests that the most recent pleading (Doc. No. 18) be regarded as the operative pleading in this matter.

   b. The motion is **DENIED** as moot insofar as Amen El requested that an earlier proposed amended complaint (Doc. No. 5) be regarded as operative.

8. Amen El's motion for copies and notification (Doc. No. 7) is **DENIED.** Amen El may procure a copy of any document that he files with the Court through payment of the Clerk of Court's copying fee.

9. Amen El's motion for an order to preserve evidence (Doc. No. 8) is **DENIED**. Amen El's argument that defendants might destroy evidence establishing the fact of transfer between institutions is both speculative and unnecessary in light of the obligations already placed upon defendants by the Federal Rules of Civil Procedure.

Dated: April 5, 2022                                    *s/ Becky R. Thorson*
                                                         BECKY R. THORSON
                                                         United States Magistrate Judge