UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pharaoh El-Forever Left-i Amen El, | Civ. No. 21-2464 (JRT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Guy F. Bosch; Michelle Smith; Paul Schnell; Transfer Officer; and AWA Wanchena, all sued in both capacities, | |
| Defendants. | |

This matter is before the Court on Plaintiff's "Notice of Motion and Motion For Continuance and Affidavit of Fact" and "Notice of Motion and Motion to Seal Case File and Affidavit of Fact." (Doc. Nos. 55, 56.) The Court addresses both motions below.

**Docket Number 55**

On July 25, 2022, Plaintiff moved to amend his Second Amended Complaint. (Doc. No. 48.) Defendants subsequently filed a memorandum in opposition to Plaintiff's motion to amend. (Doc. No. 52.) Plaintiff now requests a copy of his Proposed Third Amended Complaint so that he can "effectively respond to the defendants['] memorandum opposing the motion to amend." (Doc. No. 55 at 1.) Considering the specific circumstances of Plaintiff's limited access to copies, the Court will direct the Clerk of Court to mail to Plaintiff a copy of his Proposed Third Amended Complaint at Docket Number 48 so that he may reply to Defendant's opposing memorandum. Plaintiff's reply to Defendant's opposing memorandum must be filed on or before

**September 9, 2022**. In the future, Plaintiff is directed to contact the Clerk of Court to request copies of any other additional filings.

**Docket Number 56**

On August 15, 2022, Plaintiff filed a motion requesting to seal this case from public access. (Doc. No. 56.) Plaintiff states that he is concerned that others in the prison population may be informed from the facts of this case that he is "informing correctional officers of problems, a.k.a. snitching." (*Id.*) As such, Plaintiff requests that the "entire file" be sealed to preserve his personal security and that his "safety supersedes the public[']s interest in this matter."[1] (*Id.*) There is a common-law right of public access to judicial records in civil proceedings, which includes documents filed with the Court and that form the basis for judicial decisions. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013). In determining whether to restrict the public's right of access to such materials, the Court must weigh competing interests by "consider[ing] the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balanc[ing] that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709

---

[1] To be clear, though Local Rule 5.6 provides procedures for filing documents under seal, Plaintiff's motion concerns sealing the entire case. Thus, Local Rule 5.6 is not directly at issue here. *See, e.g.*, *Thomas v. Bzoskie*, No. 15-CV-2197 (JRT/KMM), 2017 WL 5633094, at *2 n.1 (D. Minn. Nov. 21, 2017) (acknowledging that the plaintiff's request to seal the case file from public access was not directly related to Local Rule 5.6); *see also Ngiendo v. Metro. Council*, No. 13-CV-1890 (PAM/JSM), 2015 WL 75247, at *1 (D. Minn. Jan. 6, 2015).

2

F.3d at 1223; *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

Here, Plaintiff's request is denied for several reasons. First, the facts Plaintiff is concerned about are facts that Plaintiff has included himself into the record of this case, such as in his Proposed Third Amended Complaint, which he did not file under seal. (*See* Doc. No. 48-1 at 10.) Second, Plaintiff filed this lawsuit in November 5, 2021, but did not request any sealing of this case until August 15, 2022 – such a delay belies the gravity and urgency of his concerns that this case must be immediately sealed to prevent the public from accessing his case. And third, Plaintiff's request to seal the entire record is too broad and would encompass many documents that are directly relevant to the Court's resolution of the merits of his case. *See, e.g.*, *Thomas v. Bzoskie*, No. 15-CV-2197 (JRT/KMM), Doc. No. 211 at 2 (D. Minn. Sept. 18, 2017) ("Granting [the plaintiff's] request would restrict the public's access to a wide array of documents, including those that were directly relevant to the Court's resolution of the merits of his case."). The Court is sympathetic to Plaintiff's concerns. However, sealing the entire case would interfere with the interests of public access and thus would not be appropriate here. *See id.* For these reasons, Plaintiff's "Notice of Motion and Motion to Seal Case File and Affidavit of Fact" (Doc. No. 56) is **DENIED**.[2]

---

[2] If Plaintiff is concerned about the confidential nature of documents that he would like to file in the future, he may temporarily file them under seal pursuant to District of Minnesota Local Rule 5.6, which directs how the parties may file documents temporarily under seal. Under LR 5.6(d), Plaintiff must contemporaneously file two versions of the document: a temporarily sealed version and a public version with either redactions of the

**SO ORDERED.**

Dated: August 19, 2022          *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge

---

at-issue information in the document or a statement that the entire document is confidential or that redaction is impracticable.